IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUNLE ADE, | : |
| | : |
|     Plaintiff, | : |
| | : |
|     v. | : Civil Action No.: 09-1071 |
| | : |
| KIDSPEACE CORPORATION, | : |
| | : Jury Trial Demanded |
|     Defendant. | : |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**I.   INTRODUCTION**

1. This paragraph contains conclusions of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

2. This paragraph contains conclusions of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

3. This paragraph contains conclusions of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

**II.   JURISDICTION AND VENUE**

4. This paragraph contains conclusions of law to which no answer is required. To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

**III.    PARTIES**

    5.    Admitted.

    6.    Admitted.

**IV.    STATEMENT OF FACTS**

    7.    Admitted in part, denied in part.  It is admitted that Plaintiff was hired as a late night child care counselor on or about January 15, 2006.  It is denied that Plaintiff was hired as a TSS on January 15, 2006.  Plaintiff was hired as a TSS on or about February 15, 2006.

    8.    This paragraph contains conclusions of law to which no answer is required.  To the extent an answer is required, this averment is denied and strict proof thereof is demanded at the time of trial.

    9.    Denied.  Strict proof thereof is demanded at the time of trial.

    10.    Denied as stated.  It is admitted only that on December 4, 2007, Plaintiff was terminated.  The remainder of this averment is denied and strict proof thereof is demanded at the time of trial.

    11.    Denied as stated.  It is admitted only that on November 28, 2007 Plaintiff was placed on administrative leave.  The remainder of this averment is denied and strict proof thereof is demanded at the time of trial.

    12.    Denied as stated.  It is admitted only that on December 3, 2007, Plaintiff sent Defendant a letter complaining that he had been wrongfully placed on administrative leave.  The factual veracity of Plaintiff's letter is denied and strict proof thereof is demanded at the time of trial.

13. Denied. Strict proof thereof is demanded at the time of trial.

14. Denied. Strict proof thereof is demanded at the time of trial.

15. Denied. Strict proof thereof is demanded at the time of trial.

16. Denied as stated. It is admitted that Donna Doran was Plaintiff's supervisor and that Plaintiff was placed on administrative leave on November 28, 2007. It is further admitted that Plaintiff's employment was subsequently terminated. The remainder of this averment is denied and strict proof thereof is demanded at the time of trial.

17. Denied. Strict proof thereof is demanded at the time of trial.

V. **STATEMENT OF CLAIM**

**COUNT ONE – TITLE VII – RACE/NATIONAL ORIGIN DISCRIMINATION**

18. Answering Defendant incorporates by reference its answers to paragraphs 1 through 17 of Plaintiff's Complaint as though the same were more fully set forth herein at length.

19. Denied. Strict proof thereof is demanded at the time of trial.

20. Denied. Strict proof thereof is demanded at the time of trial.

**COUNT TWO - PHRA VIOLATIONS – DISCRIMINATION CLAIMS**

21. Answering Defendant incorporates by reference its answers to paragraphs 1 through 20 of Plaintiff's Complaint as though the same were more fully set forth herein at length.

22. Denied. Strict proof thereof is demanded at the time of trial.

23. Denied. Strict proof thereof is demanded at the time of trial.

### COUNT THREE – COMMON LAW WRONGFUL TERMINATION

24. Answering Defendant incorporates by reference its answers to paragraphs 1 through 23 of Plaintiff's Complaint as though the same were more fully set forth herein at length.

25. Denied. Strict proof thereof is demanded at the time of trial.

26. Denied. Strict proof thereof is demanded at the time of trial.

### COUNT FOUR – SECTION 1981 VIOLATION

27. Answering Defendant incorporates by reference its answers to paragraphs 1 through 26 of Plaintiff's Complaint as though the same were more fully set forth herein at length.

28. Denied. Strict proof thereof is demanded at the time of trial.

29. Denied. Strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendant Kidspeace Corporation, demands judgment in its favor and against Plaintiff.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and for legitimate and non-discriminatory purposes.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal or substantial cause of any damage, injury or loss suffered by Plaintiff, the existence of which is denied.

## NINTH AFFIRMATIVE DEFENSE

Defendant's actions at all times were in compliance with the laws of the United States of America and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

At no time relevant and material to the within cause of action did Defendant have any intent to discriminate against Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's actions were not based on any impermissible motive.

**TWELFTH  AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At no time relevant or material to the within action, did Plaintiff and Defendant enter into either an express or implied contract of employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

At all times relevant and material to the within cause of action Plaintiff was an at-will employee of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

At no time relevant or material to the within cause of action, did Defendant violate the public policy of the Commonwealth of Pennsylvania.

**WHEREFORE,** Defendant Kidspeace Corporation, demands judgment in its favor and against Plaintiff.

                                  TALLMAN, HUDDERS & SORRENTINO

By:    */s/ Steven E. Hoffman*
        Steven E. Hoffman, Esquire
        Attorney I.D. # 63911
        Edward J. Easterly, Esquire
        Attorney I.D. #204546
        1611 Pond Road, Suite 300
        Allentown, PA  18104-2256
        (610)-391-1800
        Attorneys for Defendant
        Kidspeace Corporation

Dated: June 9, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUNLE ADE, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 09-1071 |
| KIDSPEACE CORPORATION, | : |
| Defendant. | : Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do hereby certify that a true and correct copy of the Defendant's Answer and Affirmative Defenses was filed electronically on June 9, 2009 with the Court and is available for viewing and downloading from the ECF System.

By: */s/ Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney I.D. No. 63911
1611 Pond Road, Suite 300
Allentown, PA  18104-2258
Attorney for Defendant,
Kidspeace Corporation