IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KUNLE ADE,<br>　　　Plaintiff, | CIVIL ACTION |
| v. | No. 09-CV-1071 |
| KIDSPEACE CORPORATION,<br>　　　Defendant. | |

## STIPTULATION OF FACTS

1.　　KidsPeace is a private charity that serves the behavioral and mental health needs of children, preadolescents and teens.

2.　　KidsPeace provides a children's psychiatric hospital, a comprehensive range of specialized, intensive and therapeutic residential treatment programs, accredited educational services and a variety of community-based treatment programs and foster care and family services to kids facing crisis.

3.　　As part of its program, KidsPeace runs several children's homes located throughout the Lehigh Valley.

4.　　Plaintiff is of African decent with his national origin from Liberia.

5.　　Plaintiff was hired on January 15, 2006, as a late-night child care counselor.

6.　　A late-night child care counselor provides security and support for residential clients during overnight hours.

7.　　Plaintiff, worked as a late-night child care counselor at the Patriot Center in Orefield, Lehigh County. The homes that are within the Patriot Center are as follows: King (all male); Franklin (co-ed); Paul Revere (co-ed); Barton (female); and Rosser (female).

8.　　In order to be competent to perform the position, a late-night child care counselor must possess the ability to work cohesively within and outside the department and have the ability to communicate effectively and professionally with all individuals he or she has contact with, including verbal interactions with co-workers.

9.　　In addition to his position as a late-night child care counselor, Plaintiff began working as a part-time member of the therapeutic support staff in or around April

of 2006. Plaintiff maintained all of his duties as a late-night child care counselor in addition to his new role.

10. Plaintiff was provided with the KidsPeace employee handbook.

11. According to the handbook's Harassment Policy, all employees are prohibited from engaging in any acts of harassment and/or discrimination based on sex and from engaging in racially discriminatory practices and retaliation because an employee engages in a protected activity.

12. The handbook further provides that any violations of the Harassment Policy may result in disciplinary action, up to and including termination of employment.

13. KidsPeace's Harassment Policy also provides that allegations of harassment will be investigated promptly.

14. The Harassment Policy states that harassment investigations may include individual interviews with the parties involved and with individuals who may have observed the alleged conduct or have relevant knowledge of the incident in question.

15. At the time of his hire, Plaintiff's late-night child care supervisor was Jane Marino ("Ms. Marino").

16. Ms. Marino introduced Plaintiff to the other late-night child care staff, including, but not limited to, Pam Peters ("Ms. Peters") and Donna Doran ("Ms. Doran").

17. While Ms. Doran was an assistant supervisor at the time of Plaintiff's hire, Ms. Peters was, and remains, a late-night child care counselor. As a late-night child care counselor, Ms. Peters had no supervisory authority over Plaintiff.

18. On March 1, 2007, Ms. Peters' alleged that an incident occurred between her and Plaintiff
..
19. Ms. Doran and Lea Nissley ("Ms. Nissley"), assistant late-night supervisor spoke to Plaintiff and Ms. Peters with respect to the allegations.

20. Amy Remmel ("Ms. Remmel"), human resources administrator for KidsPeace, also met with Ms. Peters.

21. Because Ms. Peters' allegations could not be corroborated, Plaintiff was not disciplined or counseled by KidsPeace regarding Ms. Peters' allegations.

22. On March 22, 2007, Plaintiff was working at the Revere House with a co-worker, Jeanine Martincavage ("Ms. Martincavage").

23. On April 4, 2007, Plaintiff provided Ms. Doran with a written statement.

24. Plaintiff was terminated on December 5, 2007, and was informed of his termination via telephone that evening by Donna Doran.

25. Plaintiff informed his supervisors, Donna Doran and Lea Nissley, and other employees at KidsPeace that he did not like being around cats.

26. Donna Doran, in her position as Late-Night Supervisor, instructed the late-night employees to stop feeding stray cats outside KidsPeace houses.

27. Donna Doran, in her position as Late-Night Supervisor, provided the late-night employees with an agenda which instructed the employees to stop feeding stray cats.

28. Pam Peters and Jeanine Martincavage were informed by their supervisors not to feed stray cats on KidsPeace's premises.

29. Pam Peters and Jeanine Martincavage did feed stray cats.

30. Ms. Peters and Ms. Martincavage were not disciplined for feeding the stray cats.

31. Jeff Onuscho worked for KidsPeace as a late-night child care counselor during the period Plaintiff was employed by KidsPeace.

Respectfully submitted by:

_____
Olugbenga O. Abiona, Esquire
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID. #57026
Attorney for Plaintiff

_____
Steven E. Hoffman, Esquire
Attorney I.D. No. 63911
Edward J. Easterly, Esquire
Attorney I.D. No. 204546
1611 Pond Road, Suite 300
Allentown, PA 18104-2256
(610)-391-1800
Attorneys for the Defendant

3